**SO ORDERED.**

**SIGNED March 20, 2008.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

```
                UNITED STATES BANKRUPTCY COURT
                 WESTERN DISTRICT OF LOUISIANA


IN RE:

CLAUDIA DAVIS                              CASE NO. 07-20794

    Debtor                                     Chapter 7

------------------------------------------------------------------
                       MEMORANDUM RULING
------------------------------------------------------------------
```

Claudia Davis ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on November 19, 2007. Bryan Gill is the duly appointed trustee. Prior to the filing of Debtor's petition, Debtor's former spouse, James Davis, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Rudy O. Young is the duly appointed trustee in Mr. Davis' bankruptcy case. Mr. Young has filed an Objection to Debtor's Claimed Exemption asserting that the Debtor is not entitled to claim a homestead exemption to certain property, 518 Shady Lane

Street, DeRidder, Louisiana (the "Shady Lane Property") owned by the couple when they were married.

The following relevant facts can be gleaned from the records of the two bankruptcy cases and the arguments made by counsel during the hearing on this matter. At the time of the filing of Mr. Davis' bankruptcy case in August of 2006, the parties were separated and neither party resided at the Shady Lane Property. The Debtor and Mr. Davis claimed separate homesteads at the time. The Debtor had not resided at the Shady Lane Property starting as early as January of 2005. The Debtor's divorce from Mr. Davis was subsequently finalized and the community regime terminated. The record does not reflect that there was ever a division of the community assets. Accordingly, the Debtor and her former husband each owns an undivided one-half interest in all community property, including the Shady Lane Property. The Debtor ultimately moved back to the Shady Lane Property in or around May of 2007. Debtor currently resides in the Shady Lane Property.

Louisiana Revised Statute 20:1 provides the basis for a claimed homestead exemption. LSA-R.S. 20:1(A) states:

> The bona fide homestead consists of a residence occupied by the owner and the land on which the residence is located, including any building and appurtenances located thereon, and any contiguous tracts up to a total of five acres if the residence is within a municipality, or up to a total of two hundred acres of land if the residence is not located in a municipality.

Page 2

The homestead exemption under 20:1(A) does not extend to "property owned in indivision with others than a spouse and children of that spouse in a community regime...." <u>Matter of Brocato</u>, 30 F.3d 641 (5th Cir. 1994). LSA-R.S. 20:1(B) further states that:

> The exemption provided in Subsection A shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife but not to more than one homestead owned by the husband or the wife. **<u>The exemption shall continue to apply to a homestead otherwise eligible while owned in indivision by the spouses, and occupied by either of them, when the community property regime of which the homestead is a part is dissolved by judgment which so provides, pursuant to R.S. 9:381 et seq., or Article 159 or 2375 of the Louisiana Civil Code. If either spouse becomes the sole owner and continues to occupy the homestead as such, the exemption as to that spouse shall be deemed to have continued uninterrupted</u>**.

(emphasis added).

Applying these provisions to the present case, the record does not support the Debtor's entitlement to a homestead exemption on the Shady Lane Property. The Debtor did not reside at the Shady Lane Property from at least January 2005 to May 2007, and Mr. Davis was not residing at the property after August 2006.[1] Under the clear language of the statute, the homestead exemption terminated when the Shady Lane Property was no longer occupied by either spouse. When the Debtor re-occupied the Subject Property

---

[1] Statement of Financial Affairs, Number 15.

07-20794 - #18 File 03/20/08 Enter 03/24/08 08:45:58 Main Document Pg 3 of 4

thereafter, she was not entitled to a homestead exemption as she owned the property in indivision with another who was no longer her spouse. Moreover, the exception in LSA-R.S. 20:1(B) does not apply because the Shady Lane Property was not occupied by either spouse when the community regime was dissolved.

For the foregoing reasons, the court concludes that the Debtor is not entitled to claim a homestead exemption as to the Shady Lane Property. The Objection to Debtor's Claimed Exemption filed by Mr. Young is **SUSTAINED**.

**IT IS SO ORDERED.**

###